Wilde J.
subsequently drew up the opinion of the Court. The plaintiff claims as administrator of the estate of Ann Monk, and in her right as she was one of the heirs of Abigail Drake, who by the last will and testament of Lemuel Drake, her husband, was made the residuary devisee and legatee of his estate. A portion of his estate, real and personal, was given to the defendants upon a condition which has not been performed. In this portion of his estate a contingent interest vested in Abigail Drake, although the contingency upon which it depended did not happen until after her death. It was a vested right, subject to a contingency, which was transmissible to her heirs and representatives, and in them it became vested in possession on the forfeiture of the estate by the defendants. Chauncy v. Graydon, 2 Atk. 621 ; Massey v. Hudson, 2 Meriv. 133. After the death of Abigail Drake, the defendants’ right became forfeited by their non-compliance with the condition, and the real estate has been recovered by her heirs. This action is now brought to recover Ann Monk’s share of the personal estate or the legacy, and also cf the profits of the real estate received by the defendants.
In regard to the legacy, the law is clear that it belongs to *477 Abigail Drake’s administrator, and consequently that no action will lie for it in the name of her heir. It has been said, and said truly, that the interest did not vest in Abigail Drake in possession. But it by no means follows that it was not transmissible to her representative, for it is sufficient for this purpose that the right vested. All contingent as well as absolute interests in personal property pass to the executor or administrator ; and in like manner all choses in action pass, although they may remain depending on a contingency during the life of the testator or intestate. But if it were otherwise it would not give any right of action to the plaintiff. He claims in right of one of the heirs ; but they had nothing to do with the personal estate or personal contracts of the intestate ; and as heirs they could maintain no personal action in her right.
The claim for a share of the profits of the real estate depends on different principles, respecting which there are greater doubts. These profits all accrued after the death of Abigail Drake, and if Ann Monk had been unmarried at the time they accrued, this action might well lie. But it appears that at that time she was a feme covert, and the question is, whether the profits of her real estate during the marriage belonged absolutely to the husband, or as they were not actually reduced to possession by him, whether an action to recover them did not survive to the wife. It is somewhat surprising to find that this question does not appear to be entirely settled. There are conflicting opinions and decisions : and it would be but an unprofitable labor, I fear, to attempt to reconcile them. The better opinion seems to be, that these profits belonged absolutely to the husband ; that he had a right to sue for them alone ; and that no right of action survived to the wife. By the marriage the husband becomes the absolute owner of all the wife’s personal property, and acquires a full and perfect title to the rents and profits of her real estate during the coverture.[1] They are considered in law as one person, the husband *478 being the head; the wife therefore, during the coverture, can make n0 contract to her own use, and if a note or bond is given to her, the property in it immediately vests in tlie husband. Barlow v. Bishop, 1 East, 432. And she can acquire no personal property in her own right, for if she obtains any, by gift or otherwise, it becomes immediately the property of the husband, though not in his possession. Com. Dig. Baron and Feme, E 3. The husband also has an absolute right to the services of the wife, and to all beneficial- interests accruing thereby. The right to recover compensation for such services vests in the husband alone, and does not survive to the wife on the death of the husband. In an action, however, the husband may join the wife, and . if judgment is recovered in their names, and she survives, the judgment will survive to her. The recovery of judgment in such a case operates as a contingent gift from the husband to the wife, to take effect if she should survive. Oglander v. Baston, 1 Vern. 396. The same doctrine applies to the rents and profits of the wife’s real estate, and to actions of trespass on her lands during the coverture. The husband may sue alone, or according to the current of the authorities, the wife may be joined. Com. Dig. Baron and Feme, W and X. But it by no means follows, that because she may be joined in an action, the cause of action will survive to her, if she is not joined, or no action is brought during the life of the husband I think the true rule is, that in all cases where the cause of action by law survives to the wife, the husband and wife must join, and he cannot sue alone. This rule will go further than any other, to reconcile all the cases. In all actions for choses in action due to the wife before marriage, the husband and wife must join and among all the conflicting cases, I apprehend not one can be found in which it was held that the husband could sue alone, where the cause of action would clearly survive to the wife. Now in the present case it. seems to me well settled, that the husband of Ann Monk might have maintained an action in his own name for the profits of the real estate received by the *479 defendants.[2] The profits belonged to him, and they were received to his use ; so that the law implies a promise on their part to pay them over to him. But there was no promise, express or implied, to pay them over to the wife.

Plaintiff nonsuit.

 The husband is entitled to the damages paid for land of his wife taken for a highway. Emerson v. Cutler, 14 Pick. 108, These damages may now be secured to the wife, under Revised Stat. c. 77, § 17.
A note given to a feme covert for her separate use, for the consideration of her distributive share in an intestate estate, becomes immediately the property of the husband. Commonwealth v. Manley, 12 Pick. 173.

 See Morse v. Earl, 13 Wendell, 271.

 See 1 Chit. Plead. (7th Am. ed.) 33, 34, and note (53).
In Pennsylvania, a bequest to a wife cannot be attached by a creditor of the husband. Dennison v. Nigh, 2 Watts. 90; S. P. Robinson v. Woelpper, 1 Wharton, 179; Wintercast v. Smith, 4 Rawle, 182. A husband may sue in his own right after his wife’s death, for a legacy accruing to her during coverture Goddard v. Johnson, 14 Pick. 352.